IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAMSADEEN IBN PURVIS        :

    Petitioner         :

v         :        Civil Action No. AW-08-170
                                                  (Related Crim Case AW-04-495)

UNITED STATES OF AMERICA        :
                                                  (ECF Exempt)
    Respondent        :
                                  o0o

**MEMORANDUM**

The above-captioned Motion to Vacate, Set Aside or Correct Sentence was filed on January 22, 2008. Paper No. 27. The motion alleges ineffective assistance of counsel. *Id*. Petitioner was sentenced to serve 264 months imprisonment on July 17, 2006. Paper No. 19. Petitioner's conviction was affirmed by the Fourth Circuit Court of Appeals on July 21, 2006, and the mandate issued September 26, 2006. Papers No. 24 and 25.

There is a one-year period of limitation imposed on prisoners seeking to file a Motion to Vacate. Under the provisions of the statutes the limitation period runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It is clear that Petitioner's motion was not filed in a timely manner. Ordinarily, cases such as this are dismissed by this Court response from an answer by the Government; however, "the one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchison*, 209 F. 3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

In accordance with *Hill,* this Memorandum, together with the attached Order, is notice to Petitioner that the ineffective assistance of counsel arguments raised in his Motion to Vacate will be dismissed as untimely unless he provides this Court with information that establishes he is (i) entitled to the benefit of the exceptions provided in 28 U.S.C. §2255, or (ii) entitled to an equitable tolling of the statute of limitations. Petitioner will be given 30 days to furnish this information to the Court. Should he fail to do so, his Motion will be dismissed without further notice.

_2/11/08_  
Date

_Alexander Williams, Jr._  
Alexander Williams, Jr.  
United States District Judge

2